Good morning. Kevin Rooney on behalf of the appellant Mr. Todd Mumma. I'd like to reserve three minutes for rebuttal please. The indictment in this case was inadequate. It did not provide the required notice regarding the offense. It was not sufficient to apprise Mr. Mumma of what he must meet to use the language of the court's cases. It was essentially a form. You violated this statute. It was a what? Essentially a form. But haven't we said like in the Woodruff case that you generally can follow the language of the statute and that was what was done here. There were general date ranges given and a general location for purposes of venue. I mean there isn't like confusing or overlapping dates like in the Hilling case. Correct. So why isn't this sufficient under Woodruff? Because of two different things. One, the broad time range of the alleged offense or offenses because that's one of the problems. Was there one visual depiction? Were there numerous? It's not set out. So one, it's a three-year time frame in a county and the statute. Do they have to list? I mean we see a lot of these cases and sometimes they have hundreds of it. Do they need to list all of the hundreds of them in the indictment? No, certainly not. So they can generally describe the offense in a date range and and that's sufficient notice isn't it? What the defense position is is that the offense wasn't sufficiently described. The elements were set out. A very broad date range was set out. A location is somewhere in a 6,000 square mile county was set out and that was that was it. And to be and this is what I wanted to be delicate about. It says he knowingly employ and use a minor to engage in any sexually explicit conduct. Correct. So I mean how were you not on notice? Any conduct? I mean you ask your client. Did you engage? I mean is there any conduct that could fall within this? I think that's precisely the problem. Is that and first of all I want to be really clear. The constitutional the test is whether this this indictment is adequate on its face. It's certainly a of particulars doesn't solve it. Counsel's discovery efforts doesn't solve it. Counsel's discussions with the clients doesn't solve it. What we're talking about is is this notice that at some point during a three-year period you did something that you employed or used a minor to engage in some sexually explicit conduct. Well there was. It picks out the statute covers a lot of different things and it picks out employees uses. It makes clear that this is a production offense. I I don't know that that's clear because it said there it's also says first produced or transmitted and that's that's another one of the problems. Here's the statute is relatively complex. There's several different elements to it and none of those there was no facts asserted. No facts pled with regard to any of the elements. I agree all the elements are set forth. But here's here's the problem I'm having you know going back to Woodruff. Woodruff says with respect to an indictment it quotes a case about information but Woodruff is an indictment case. In the Ninth Circuit the use of a bare-bones information, that is one employing the statutory language alone, is quite common and entirely permissible so long as the statute sets forth fully directly and clearly all essential elements of the crime to be punished. Why isn't this sufficient under that standard? So what the error the error that the district court found in Woodruff was that the the impact on interstate commerce that the indictment did not allege or specify the theory of how interstate commerce was impacted and that was a tangential part. Woodruff was a interstate interference with interstate commerce by robbery three and it's back in 1995 three jewelry stores were robbed six hundred and eighteen thousand dollars back in 1995 worth of jewelry is taken and the impact that's a marginal a tangential part of the offense the impact on interstate commerce here and what I put in the answer the reply brief was the heart of the offense is what exactly was done what's the sexually explicit conduct what are the visual depictions were they produced were they transmitted what instrument was used it clearly says produce because I'm looking at the indictment and it says did knowingly employ and use a minor to engage in any sexual explosive conduct for the purpose of producing any visual depiction of such conduct and the visual depiction was produced or transmitted using materials that had been mailed ship so you know the interstate commerce element is either produced or transmitted but we know that there's production correct correct I agree with that can I ask you a question about the forfeiture do you agree that this dollar amount forfeiture here is a substitute forfeiture I don't know that I agree that it's a forfeiture it was a money judgment right but the money judgment is on a substitute theory that the property to be forfeited was the house the house was sold the money is substitute for the house agree therefore okay so why isn't there no jury trial in that case under 32.2 e because he is a specific provision about substitute property and it says there is no right to a jury trial under rule 32.2 e so why wouldn't that be dispositive of that issue I don't think anyone cited this but we read the rules and it's right there in black and white it says if the government shows the property is subject to forfeiture under 32.2 e 1 and then it explains the procedure in e1 is substitute property that qualifies for forfeiture under an applicable statute so it seemed the rule seems to declare that there's no right to a jury trial if it's a substitute forfeiture and yours is a substitute forfeiture you've put me on the spot a little bit by maybe you can come up for rebuttal maybe you can think about where I think the distinction was was the government clearly alleged in their forfeiture allegation they also included substitute assets and everyone agreed that had the defendant asked for a jury trial he would have been entitled to a jury trial that was the position the district court I see my time is expired with the reservation of time we'll have a time for rebuttal okay thank you your honor thank you may it please the court McKenzie Hightower on behalf of the United States your honors Woodruff as you pointed out is exactly on point in this case the indictment was sufficient it alleged what where when and how the offense played out here it doesn't even identify the victim doesn't even identify the location of the property I mean I understand that they can be bare-bones but this is about as bare-bones as they come isn't it your honor I direct your attention to the Moreland case in the Ninth Circuit where they said that the specific victim of issue does not need to be specified because only if you look to the Hamline case only facts that are so specific as to guilt need to be specified and minor has a legal definition and so does sexually explicit conduct so for those reasons they don't need to be any more specific so when you get I mean I guess are you taking a little bit of a risk when you put in this kind of a bare-bones indictment because presumably there could have been victims you weren't aware of but if they if he got convicted on the ones you were aware of during this time period and then there were victims you weren't aware of would he be able to claim double jeopardy in a subsequent proceeding because he'd say well you didn't identify the victims but you know I had five victims and you know I am therefore presumed to have been charged with all five of those even though only you know one or two of them came up at trial are you I mean are you putting yourself at a risk does he have a broader double jeopardy claim in the future based on a bare-bones indictment like this yes your honor he would have a very broad double jeopardy claim in the future but I think it's also important to remember that in Russell the United States that's a Supreme Court case they said that any future-looking double jeopardy claims you consider the entire record so in this specific case the defendant had over four years to know the exact victim in this case I see so he still if this if there were five victims and only two were in this case and three weren't mentioned at all he would not actually get he would not actually have a double jeopardy claim according to the case law issue here and and your honors brought up notice as well and if you look to the record the defense actually explicitly rejected a bill of particulars in their filings and if someone is so concerned with notice and ensuring that they know or adequately adequately appraised of the crimes against them he could have sought a bill particulars and in his filings he specifically stated that he was not seeking a bill of particulars turning now to the forfeiture issue if there's no other questions to that and I just wanted to brief briefly correct some of the records that the Philip the Phillips case is directly on point here that states you can receive no jury determination on a money judgment and what about his counsel before he sat down was suggesting that everyone had agreed that he would get a jury trial if this was a under the forfeiture he thought that everybody had agreed there would be a jury but it's still been the house he would have gotten a jury trial correct yes under 32.2 if it had been the house itself unsold the whole thing comes down to the fact that this was a substitute property forfeiture exactly and yet neither you nor the defense counsel cited the correct rule because it appears to me that this case is entirely governed by subdivision e of 32.2 which nobody cited which deals with substitute property and says there's no jury right am I am I wrong in that no your honor you're directly on point and the government did allege in the forfeiture allegation any substitute property would be forfeitable so for those reasons we do believe that the issue would be foreclosed by 32.2 e as you pointed out and if there's no further questions on any of this I do have a question about the forfeiture mootness about because everyone agreed and the government agreed up front that there was a miscalculation of the amount to get $2,500 got double counted and the government had said that it should go back for that correction but then you file the 28 J letter where you said oh actually it's now moot because it's all been paid out and in his response he said well actually the government didn't say that it's paid out because the government garnished it and so the government was actually the one who took the amount and you can remedy that by ordering them to undo what they did what what's the correct answer here are they right that it was due to a government garnishment of more than the amount that was warranted no just to correct the record a little bit on that your honor so the so after a lawful final order of restitution was imposed by the district court the the government did place an order of garnishment for $10,000 and then the defense themselves approached the government and said we want to get restitution behind us you can look to the record in at page 46 and they said instead of paying $10,000 a month we want to actually be $20,000 a month and so they they proposed doubling the amount that they wish to pay and they were also again on notice in our notice of garnishment we reminded them that they had not requested a stay which would have been their natural remedy if they believe there was an error in the restitution and since they did not request to stay did the error come up did they know the error at the time or did that only come up on appeal that came up on appeal in their initial brief your honor so how was the final payment made was it was it voluntarily made by the defendant sent in the next round and that was the last one or was there any sort of a garnishment due to do once we filed the order of garnishment and the came forward and we settled on in a double amount the restitution payments were expedited greatly and so through this the joint settlement they paid the last payment all those payments were just voluntarily sent in including the overpayment yes your honor according to the joint settlement if there's no further questions I'll get back the remainder of my time and ask the court to affirm the district court's findings we'll hear rebuttal can you address this issue about the overpayment yes so there's of course mr. Mooma has separate counsel on the civil matter that's pending there's a civil lawsuit pending by the victim against him the government filed the garnishment and the civil council approached them there was apparently six hundred and seventy thousand dollars that was owed or was garnished that that was impacted and hold on the 670 wasn't garnished there wasn't I don't understand was there an order for six there wasn't no there was six hundred and seventy thousand dollars in total and the garnishment was for the whatever the was was for a lesser amount $10,000 whatever yeah and I apologize I'm not familiar with the exact amount civil counsel did exactly what counsel said he arranged for a $20,000 a month payment the payment of the lawful funds there was a lawful debt that was being paid at $10,000 a month to mr. Mooma he expedited it paid the $20,000 that's that's the situation after that payment was made then the government agreed to release the garnishment we can call that voluntary we can call it we can characterize that however the bottom line is the money wasn't obtained through a garnishment it was obtained through a settlement I I would say the garnishment certainly expedited the settlement up but they didn't get the money through a garnishment garnishment is what it you go you you go and you get a court order that the money is paid out that didn't happen as I understood and as I understood garnishment perhaps I don't is the money was frozen pending a final disposition or for whatever reason the person the third party that had that money didn't pay it directly the government he suspended payments to mr. while the matter was resolved and in any event what the argument is is that there's a pending civil lawsuit there will be a remedy for mr. Mooma if this court says one clearly $2,500 is an arithmetical error that's been conceded and to this $30,000 is you're not necessarily asking us to order that that $2,500 be repaid you say that if we correct the form of the order to say that the amount was wrong that that'll have the collateral consequence in the civil context of making clear that he's overpaid and get an offset correct you're correct that's therefore it's not moot because that's some relief correct a partial relief and then there's also a separate issue of there's $30,000 and I think a fair reading of the record is that some mixture of a down payment on the home and the temporary living expenses and only the temporary living expenses are properly ordered with regard to restitution I'd like to turn what about that issue though because I mean I agree it was a little bit ambiguous there but what are we supposed to do with that I mean did you ask for a yes for a remand to the district court but at the time I mean did was there an objection yes yes okay in district court that was that was that was raised in district court it was I believe it was oral I then there must be more there must be more than what I just read there's in the excerpt of record there's definitely a comment by defense counsel about the down payment I flagged that in the brief and it is in the excerpt of record and if I could turn to again the adequacy of the indictment you know one of the questions you asked is the the breadth of the double jeopardy is uncertain and I think that really illustrates the adequacy of this indictment well but it sounds like it's not really that uncertain I mean the government might be taking a greater risk that it's broader but if I understand it correctly you look at the whole record and so you'd be able to go through and parse this out well not just indictment should put mr. Mooma on notice is very clear I agree that it's a fine call because it's very clear in the law that he is not entitled to an exhaustive or detailed recitation of the facts the evidence etc but our position he's entitled to more than a bare-bones thing that's saying sometime in the past three years you violated this statute by actions you took in Fresno County and that's that's just not consistent it's very hard for him to establish a variance between the indictment and whatever trial evidence the the government puts in because the indictment is so vague it's it's frankly a fact-free indictment rule 7c1 talks about facts so why didn't you ask for specificity I'm sure there's some strategic reasons behind right but but admittedly you you could have certainly there certainly could have asked for a bill of particulars but what counsel did in the district court and very correctly I think laid a great record was saying this indictment is inadequate on its face it gives this man as little notice as possible it's like we might as well just have a form that says here's the law you violated it and your violation happened at some point in the past three years and how you did it figure it out and that's not what the Sixth Amendment that's not what rule 7c requires okay okay thank you thank you thank you to both counsel for your arguments in the case the case is now submitted
judges: NELSON, COLLINS, VANDYKE